IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KRISTINE BALLANTYNE**, ) <br> ) <br> **Plaintiff**, ) <br> ) <br> v. ) <br> ) <br> **COUNTY OF FRESNO, et al.**, ) <br> ) <br> **Defendants**. ) <br> _____ ) | CV F 02-5969 AWI DLB <br><br> ORDER DENYING PLAINTIFF'S MOTION TO AMEND OR STRIKE DEFENDANTS' BILL OF COSTS <br><br> ORDER VACATING DECEMBER 5, 2005 HEARING DATE <br><br> (Document #120) |

This was a civil rights action brought by Plaintiff Kristine Ballantyne. On October 14, 2005, the jury returned a verdict in Defendants' favor. On October 19, 2005, the Clerk of the Court entered an amended judgment. On October 21, 2005, Defendants filed a bill of costs. On November 3, 2005, Plaintiff filed a motion for an order striking costs or reducing the cost bill. On November 16, 2005, Defendants filed an opposition.

Rule 54(d) of the Federal Rules of Civil Procedure allows costs, other than attorneys' fees, to the prevailing party as a matter of course. However, only those costs defined in 28 U.S.C. § 1920 are available as costs. Crawford, 482 U.S. at 441-42; Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 176 (9th Cir. 1990); Local Rule 54-292.

Local Rule 54-292 provides the procedure for a party to file a cost bill and for the calculation of costs. Local Rule 54-292 reads in part:

> **(b) Filing of Cost Bill.** Within ten (10) days after entry of judgment or order under which costs may be claimed, the prevailing party may serve on all other

parties and file with the Clerk a bill of costs conforming to 28 U.S.C. § 1924. See Fed. R. Civ. P. 6(a), (e). The cost bill shall itemize the costs claimed and shall be supported by a memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred. Cost bill forms shall be made available by the Clerk's Office upon request or on the Court's website.

**(c) Objections.** The party against whom costs are claimed may, within ten (10) days from date of service, file specific objections to claimed items with a statement of grounds for objection.

**(d) Taxing Costs.** If no objection is filed, the Clerk shall proceed to tax and enter costs. If objections are filed, they should state specific objections to claimed items with a statement of grounds thereof. The Clerk may require and consider further affidavits as necessary to determine allowable costs. The parties may request a hearing, in person or by telephone conference call, and the Clerk shall schedule the hearing as needed. Upon the taxation and entry of costs the Clerk shall serve notice thereof to all parties.

**(e) Review.** On motion filed and served within five (5) court days after notice of the taxing of costs has been served, the action of the Clerk may be reviewed by the Court as provided in Fed. R. Civ. P. 54(d). See L.R. 78-230.

Pursuant to Local Rule 54-292, Plaintiff's motion to strike costs or reduce costs is premature. Upon receiving Defendants' cost bill, Plaintiff could have filed objections to the cost bill pursuant to Local Rule 54-292(c) & (d). After receiving the cost bill and Plaintiff's objections, the Clerk of the Court is to tax costs pursuant to Local Rule 54-292 (d). If Plaintiff disagrees with the costs taxed by the Clerk of the Court, Plaintiff may then file a motion before the court to review the taxing of costs. At this time, the Clerk of the Court has not yet taxed costs. As such, there is no taxing of costs for the court to review pursuant to Local Rule 54-292(e) on a noticed motion. Thus, Plaintiff's motion to strike costs or reduce the cost bill must be denied as premature.

Accordingly, the court ORDERS that:

1. Plaintiff's motion for an order striking costs or reducing the cost bill is DENIED without prejudice as premature;

2. The hearing set for December 5, 2005 is VACATED and no party shall appear; and

3. The Clerk of the Court is DIRECTED to tax costs in this action.

IT IS SO ORDERED.

**Dated:   November 29, 2005**                   **/s/ Anthony W. Ishii**
0m8i78                                            UNITED STATES DISTRICT JUDGE